(No. 3523—)

FLORA E. MADDOX, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 8, 1940.*

STANLEY L. POGUE, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein is the widow of Cress Maddox. An original complaint was filed June 20, 1940, and an amendment thereto was filed August 13, 1940, whereby an award of Four Thousand Thirty ($4,030.00) Dollars is sought by claimant under the terms of the Workmen's Compensation Act of Illinois, because of the death of the said Cress Maddox resulting from the accidental injuries suffered while in the employ of respondent.

Under a stipulation of facts and reports submitted by the Secretary of State, the following facts are agreed upon:

That Cress Maddox was, on August 23, 1939, employed as a licensed investigator in the Automobile Department of the Office of the Secretary of State of Illinois at a salary of Two Thousand One Hundred ($2,100.00) Dollars per annum; that he resided in Springfield, Illinois, and worked out of the Office of the Secretary of State, and his duties consisted of driving an automobile owned by the State over the various highways therein where investigation might be in order by him; also in driving various officials and employees of said office to various points in Illinois in connection with the work of said office; also to carry and transport auto license plates and other supplies from the storehouse in the Capitol to the branch offices in the State. He was further charged with the duties of investigating and reporting violations of the Motor Vehicle and Traffic Laws of Illinois, under the immediate direction of the Chief Automobile Investigator and other ranking employees in said office.

On said date Cress Maddox drove to Chicago to deliver such supplies, and while on his return to Springfield was struck by another automobile on U. S. Highway No. 66, a short distance north of Joliet, Illinois, thereby receiving injuries from which he died an hour or so later in St. Joseph's Hospital in Joliet.

Immediate notice of the accident was given that night to the Secretary of State, and on September 1, 1939, claimant as the widow of said employee, made claim in person from the Secretary of State for compensation under the Workmen's Compensation Act of the death of her husband. The latter

left surviving his widow, the claimant, but no child or children under the age of sixteen years at the time of said accident. Claimant expended Thirty ($30.00) Dollars in payment of first-aid and hospital fees at the time of said accident, for which she has not been reimbursed. As said employee died within a few hours after said accident, no question of temporary disability compensation arises. If an award is made herein, the rate of salary of the deceased employee would justify the maximum weekly payment of compensation of Fifteen ($15.00) Dollars per week, which would be increased under Section 8 (1) of the Illinois Workmen's Compensation Act as now amended, to the amount of Sixteen and 50/100 ($16.50) Dollars per week. The total award would be a sum equal to four times the average annual earnings of such employee but not less in any event than Four Thousand ($4,000.00) Dollars (Section 7, Workmen's Compensation Act). A detailed statement by the Secretary of State appears in the record, showing that the latter supervises, operates and maintains the State Capitol Building, the Centennial Building, Archives Building and Power Plant at Springfield. That under his direction are operated steam boilers, generators, passenger and freight elevators and steam heating plants; that for the purpose of servicing such equipment respondent maintains an electrical shop, plumbing shop, carpenter shop, and machine shop, in which are used tools incident to such trades, such as saws, hammers, hatchets, knives, chisels and other sharp-edged instruments. Said official is also charged with the administration of the Motor Vehicle Laws of Illinois, and in connection therewith has paper-cutting machines at his Springfield office, with blades approximately eighteen (18) inches in length, which are hand-operated. The deceased employee, husband of claimant, was employed as Investigator and was supplied by respondent with an automobile and had the power of a constable and police officer in the enforcement of the Automobile Law of the State. We have held that such duties bring the employee within the terms of the Workmen's Compensation Act of Illinois.

The record does not disclose any fact as to the nature of the accident other than that claimant was struck by another automobile. No facts appear as to what, if any, recovery is being sought against third parties or as to their liability.

The record does disclose, however, that said Cress Maddox was on the 23rd day of August, A. D. 1939, an employee of respondent; that he was injured in an accident which arose out of and in the course of his employment on the 23rd day of August, A. D. 1939; that he was married and that claimant herein survives him as his widow; that he had no child or children under the age of sixteen (16) years at the time of said accident; that immediate notice of the accident was given to his employer; notice of claim for compensation was made and application for award filed within the time prescribed by the Workmen's Compensation Act of Illinois; that claimant's wages during the year preceding said accident amounted to Two Thousand One Hundred ($2,100.00) Dollars; that his average weekly wage was in excess of Sixteen and 50/100 ($16.50) Dollars, and that four times the average annual earnings would be in excess of Four Thousand ($4,000.00) Dollars.

An Award is Therefore Hereby Made in favor of claimant, Flora E. Maddox, as the surviving widow of Cress Maddox, deceased, for the sum of Four Thousand ($4,000.00) Dollars, payable at the rate of Sixteen and 50/100 ($16.50) Dollars per week from the 23rd day of August, A. D. 1939. Of said sum, Nine Hundred Fifty-seven ($957.00) Dollars has accrued to the 4th day of October, A. D. 1940, and is payable at the present time. The balance of Three Thousand Forty-three ($3,043.00) Dollars is payable in one hundred eighty-three (183) weekly payments of Sixteen and 50/100 ($16.50) Dollars each and one final payment of Twenty-three and 50/100 ($23.50) Dollars. In addition to the foregoing, a further award is hereby made to claimant of the sum of Thirty ($30.00) Dollars in payment of first aid and hospital services rendered to said injured employee.

This award, being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof" (Ill. Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1,

1939 (Sess. Laws 1939, page 117); and being, by the terms
of the first mentioned Act, subject to the approval of the
Governor, is hereby, if and when approval is given, made
payable from the appropriation from the General Revenue
Fund in the manner provided by the foregoing Acts.